IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**PROGRESSIVE DIRECT**
**INSURANCE COMPANY**                                                          **PLAINTIFF**

v.                             No. 2:22-cv-112-DPM

**ASHA KELLY; JOSEPH WALKER;**
**ASHLEY KELLY; VALERIE KELLY;**
**RON KELLY; WILLIE MCCOY;**
**LEENA HOLLINS; TINA ROBERTSON;**
**and BRUCE KELLY**                                                           **DEFENDANTS**

ORDER

The Court denied Progressive's earlier motion for default judgment without prejudice. Progressive now renews it. *Doc. 48.* Has it cured the defects?

There was good service on all defendants. Ashley Kelly, Willie McCoy, Leena Hollins, Bruce Kelly, Tina Robertson, and Valerie Kelly were properly served by process server. *Doc. 9, 10, 11, 37, 40 & 41.* Progressive has also clarified that it mailed the warning orders, with copies of the complaint, to Asha Kelly, Joseph Walker, and Ron Kelly. *Doc. 51.* They were properly served by warning order. *Doc. 36, 38 & 39;* Ark. R. Civ. P. 4(g)(3). No defendant has appeared or otherwise defended against Progressive's complaint within the time provided by law.

The Clerk has also entered defaults against all defendants. But there's a wrinkle. The defaults against Tina, Valerie, and Joseph were entered *before* they were served. These pre-service defaults, *Doc. 23, 26 & 28*, are no good. *Norsyn, Inc. v. Desai*, 351 F.3d 825, 828-29 (8th Cir. 2003). The Court therefore sets them aside for good cause. Fed. R. Civ. P. 55(c).

Progressive is nevertheless entitled to post-service defaults against Tina, Valerie, and Joseph. Fed. R. Civ. P. 55(a). The Court directs the Clerk to enter them. *Tollefson v. Pladson*, 508 F. App'x 593, 595 (8th Cir. 2013) (per curiam).

That leaves default judgment. "[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Electric Manufacturing Co.*, 140 F.3d 781, 783 (8th Cir. 1998). The first step is done. But it would be unfair for the Court to take the second step all in one go. That's because "relief from a default judgment requires a stronger showing of excuse than relief from a mere default order." *Ibid.* (quotations omitted). Tina, Valerie, and Joseph deserve the chance challenge their post-service defaults under Rule 55(c)'s good-cause standard. Otherwise, Rule 60(b)'s more onerous standard would apply.

\*   \*   \*

The Court will therefore leave Progressive's renewed motion for default judgment, *Doc. 48*, pending. Once the Clerk has entered the

post-service defaults, the Court directs Progressive to serve a copy of this Order, the defaults, and the docket sheet, on Tina Robertson, Valerie Kelly, and Joseph Walker, and file proof of service. The Court will rule on Progressive's motion after 25 June 2024.

    So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

17 May 2024